# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allanna Warren, | Case No. 2:24-cv-00928-JAD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Pentagon Federal Credit Union or PENFED, | |
| Defendant. | |

Pro se Plaintiff Allanna Warren submitted initiating documents to the Court which include an application to proceed *in forma pauperis* and a complaint. (ECF Nos. 1, 1-1). Because Plaintiff's application is complete, the Court grants it and screens Plaintiff's complaint. Because Plaintiff's complaint does not identify the legal basis for her claim, the Court dismisses it without prejudice and with leave to amend.

**I.       *In forma pauperis* application.**

Plaintiff filed the forms required to proceed *in forma pauperis* (without paying the filing fee). (ECF No. 1). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now screen Plaintiff's complaint.

**II.      Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal

district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.     Screening Plaintiff's complaint.**

Plaintiff sues Pentagon Federal Credit Union, a Virginia company, for damages and injunctive relief. Plaintiff does not identify the claims she brings, but alleges that she took out a loan from Defendant in 2023. Later, Plaintiff employed Cambridge Credit Counseling to help her negotiate her loan payments with Defendant. Cambridge sent Defendant a letter in October of 2023, explaining Plaintiff's situation and proposing a solution.

Plaintiff alleges that Defendant rejected the proposal, but did not inform either Plaintiff or Cambridge about the rejection. Later, Defendant informed Plaintiff via email that she had missed a payment. When Plaintiff called Defendant, she learned that Defendant had rejected Cambridge's proposal. Defendant put a delinquency on Plaintiff's credit, which severely impacted her credit score. Plaintiff requests injunctive relief in the form of Defendant removing the delinquency it reported to credit reporting agencies. Plaintiff requests $80,000 in past and future damages.

However, Plaintiff does not assert any specific claims or the legal basis for them.[1] And the Court is not aware of any statutory or common law requirement that lenders respond to negotiations from credit counseling agencies. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend. In any amended complaint, Plaintiff must identify the legal basis for her claims.

---

[1] For example, the Fair Credit Reporting Act imposes certain duties on credit reporting agencies like TransUnion, Equifax, and Experian and entities that supply information about a consumer's debts to those credit reporting agencies (also known as "furnishers"). *See* 15 U.S.C. § 1681, *et seq.*; *see Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1250-51 (9th Cir. 2022). But Plaintiff does not allege any claims arising under the Fair Credit Reporting Act or facts that would suggest that her claims arise under this Act.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons. The Clerk of Court is also kindly directed to send a copy of this order to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (ECF No. 1-1) is **dismissed without prejudice** for failure to state a claim upon which relief can be granted, with leave to amend. Plaintiff will have until **July 22, 2024** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: June 21, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE