UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Allanna Warren,

    Plaintiff

v.

Pentagon Federal Credit Union,

    Defendant

Case No.: 2:24-cv-00928-JAD-DJA

**Order Dismissing Action**

[ECF No. 16]

Plaintiff Allanna Warren sues Pentagon Federal Credit Union for its alleged actions involving a loan that she took out from the Credit Union in 2023.[1] The magistrate judge previously dismissed her complaint without prejudice, finding that she did "not assert any specific claims or the legal bases for them," and set a deadline by which Warren could file an amended complaint to cure the original complaint's deficiencies.[2] The magistrate judge warned that failure to comply with that order would result in a recommendation that Warren's case be dismissed. Warren appealed that decision, but the Ninth Circuit dismissed the appeal because the magistrate judge's order was not final or appealable.[3] I then extended Warren's deadline to file an amended complaint to September 26, 2024, and warned her that, if she failed to file a complaint by that deadline, "this case will be dismissed with prejudice and closed because there are no claims currently pending."[4] That deadline expired, and Warren did not file an amended complaint or seek to extend the deadline to do so. So I dismiss this case.

---

[1] *See* ECF No. 8.
[2] ECF No. 7 at 3–4.
[3] ECF No. 15.
[4] ECF No. 16.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[5] A court may dismiss an action based on a party's failure to obey a court order.[6] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[7]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court.[8] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[9] Courts

---

[5] *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[6] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[7] *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.

[8] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[9] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 543 & n.4 (9th Cir. 2022) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element," i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

"need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[10]  Because this litigation cannot progress without Warren's compliance with the court's order, the only alternative is to enter a third order setting another deadline.  But issuing a third order will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice for failure to file an amended complaint in compliance with the court's order.  **The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**  If plaintiff wishes to pursue her claims, she must file a complaint in a new case.

_____
U.S. District Judge Jennifer A. Dorsey
October 29, 2024

---

[10] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).